In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated January 17, 2013, which modified a determination of the Rent Administrator dated May 26, 2010, by recalculating the legal regulated rent for the subject apartment to be $1,200 per month, thereby reducing the rent overcharge total, and a counterclaim to review so much of the determination dated January 17, 2013, as confirmed so much of the determination of the Rent Administrator as imposed a penalty of treble damages for certain months, Steve Marrone and Josephine Marrone appeal from a judgment of the Supreme Court, Kings County (Saitta, J.), dated February 19, 2014, which granted the tenant’s petition, denied their counterclaim, annulled that portion of the determination dated January 17, 2013, which recalculated the legal regulated rent for the subject apartment to be $1,200 per month pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a), and remitted the matter to the New York State Division of Housing and Community Renewal for a new calcula *1046 tion of the legal regulated rent pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a).
Ordered that the judgment is affirmed, with costs to the petitioner.
In 2008, the petitioner, a tenant in a residential apartment building owned by Steve Marrone and Josephine Marrone (hereinafter together the Marrones), filed an administrative complaint alleging a rent overcharge. The Rent Administrator of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), determined that the petitioner was charged in excess of the legal regulated rent of $995.99 per month and imposed a penalty of treble damages. Subsequently, the Marrones filed a petition for administrative review (hereinafter PAR). In a determination dated March 31, 2011, the Deputy Commissioner of the DHCR (hereinafter the Deputy Commissioner) modified the Rent Administrator’s determination by eliminating treble damages. Upon reconsideration of the PAR, however, in a determination dated January 17, 2013, the Deputy Commissioner modified the Rent Administrator’s determination by recalculating the legal regulated rent for the apartment to be $1,200 per month, thereby reducing the rent overcharge total, and confirmed the imposition of a penalty of treble damages for the overcharges during the period of November 2008 through December 2009.
Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the Deputy Commissioner’s January 17, 2013, determination. The Marrones interposed a counterclaim to review so much of that determination as confirmed the imposition of treble damages for the overcharges during the period of November 2008 through December 2009. The Supreme Court granted the petition, annulled so much of the determination dated January 17, 2013, as recalculated the legal regulated rent for the subject apartment to be $1,200 per month, and remitted the matter to the DHCR for a new calculation of the legal regulated rent pursuant to Rent Stabilization Code § 2522.4 (a) (4), and denied the counterclaim.
“[I]n a CPLR article 78 proceeding to review a determination of the DHCR, the court is limited to . . . the question of whether its determination was arbitrary and capricious and without a rational basis” (Matter of 36-08 Queens Realty v New York State Div. of Hous. & Community Renewal, 222 AD2d 440, 441 [1995]; see Matter of Acevedo v New York State Div. of Hous. & Community Renewal, 67 AD3d 785 [2009]). In reviewing a determination of the DHCR, “[t]he court may not *1047 substitute its judgment for that of the DHCR” (Matter of 85 E. Parkway Corp. v New York State Div. of Hous. & Community Renewal, 297 AD2d 675, 676 [2002]). “The DHCR’s interpretation of the statutes and regulations it administers, if reasonable, must be upheld” (id. at 676; see Matter of Kripalani v State of N.Y. Div. of Hous. & Community Renewal, 126 AD3d 904 [2d Dept 2015]).
The determination of the Deputy Commissioner of the DHCR that the Marrones were not entitled to collect a “first stabilization rent” on the petitioner’s apartment had a rational basis in the record and was not arbitrary and capricious (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d 250, 252 [1995]; see Roker Realty Corp. v Gross, 163 Misc 2d 766 [1995]; cf. Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d 191 [2003]). A first stabilization rent is “an administratively created policy implemented by DHCR in its capacity as the administrative agency which regulates residential rents” (Matter of 300 W. 49th St. Assoc. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 212 AD2d at 253). “The policy applies only when the perimeter walls of the apartment have been substantially moved and changed and where the previous apartment, essentially, ceases to exist, thereby rendering its rental history meaningless” (id.). Contrary to the opinion of our colleague, under the circumstances of this case, there is a rational basis in the record to conclude that the Marrones did not construct a new apartment unit by simply unsealing a doorway that led to two additional bedrooms (see Roker Realty Corp. v Gross, 163 Misc 2d at 768).
As the Deputy Commissioner concluded, Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1) is the statutory remedy pursuant to which the Marrones were entitled to increase the rent for adding square footage to the apartment. However, rental adjustments for a “substantial increase ... of dwelling space” (Rent Stabilization Code [9 NYCRR] § 2522.4 [a] [1]) are to be calculated pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (4). In determining that the Marrones were entitled to a rental increase of $204.01 per month pursuant to Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (1), the Deputy Commissioner deviated from the statutory calculations set forth in Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (4). Accordingly, the determination to recalculate the legal regulated rent to be $1,200 per month, by including a rental increase of $204.01 per month, was arbitrary and capricious and did not have a rational basis in the record (see Matter of Rego Estates v *1048 Division of Hous. & Community Renewal, 20 AD3d 539, 540-541 [2005]). Therefore, the Supreme Court properly annulled that portion of the determination, and remitted the matter for a new calculation of the legal regulated rent.
The Supreme Court properly denied the Marrones’ counterclaim challenging the determination to impose a penalty of treble damages for the overcharges during the period of November 2008 through December 2009. Pursuant to Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a), “once the occurrence of a rent overcharge has been established, it becomes incumbent upon the landlord to establish by a preponderance of the evidence that the overcharge was not willful” (Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d 755, 756 [2010]; see Matter of Metropolitan 118-80 Ltd. Partnership v New York State Div. of Hous. & Community Renewal, 83 AD3d 944 [2011]). Since the DHCR determined that the Marrones failed to carry that burden, our review is limited to determining whether there is “ ‘record support and a rational basis’ for that determination” (Matter of Ador Realty, LLC v Division of Hous. & Community Renewal, 25 AD3d 128, 141 [2005], quoting Matter of Century Tower Assoc. v State of N.Y. Div. of Hous. & Community Renewal, 83 NY2d 819, 823 [1994]). The determination of the DHCR that the Marrones failed to carry that burden was not arbitrary and capricious, and had a rational basis (see Matter of Metropolitan 118-80 Ltd. Partnership v New York State Div. of Hous. & Community Renewal, 83 AD3d 944 [2011]; Matter of Obiora v New York State Div. of Hous. & Community Renewal, 77 AD3d at 756). Hall, J.P., Sgroi, and Barros, JJ., concur.